UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BAKER,<br><br>        Plaintiff,<br><br>    v.<br><br>COTTRELL, INC., et al.,<br><br>        Defendants. | No. 1:16-cv-00840-DAD-SAB<br><br>ORDER DENYING MOTION TO AMEND THE COMPLAINT AND GRANTING MOTION TO STRIKE DEFENDANT'S REQUEST FOR SURREPLY<br><br>(Doc. Nos. 40, 51) |

    This matter is before the court on plaintiff's motion to amend the complaint (Doc. No. 40) and plaintiff's motion to strike defendants' request that the court consider its surreply. (Doc. No. 51.) A hearing on the motion was held on October 3, 2017. Attorneys Michael Stone-Molloy and Brian Wendler appeared on behalf of plaintiff. Attorneys Daniel Carpenter and Barry Snider appeared on behalf of defendant. Having considered the parties' briefs and oral arguments, and for the reasons set forth below, the court will deny plaintiff's motion to amend the complaint and grant plaintiff's motion to strike defendants' request for the court to consider its surreply.

## BACKGROUND

    Plaintiff, John Baker, filed suit in federal court on June 16, 2016 seeking damages arising from the sale of a defective ladder supplied by defendant, Cottrell, Inc. (Doc. No. 1 at 1, ¶ 1.)

1

Plaintiff alleges the ladder failed in its ordinary use and caused his injuries. (*Id.*) In his complaint, plaintiff also named Doe defendants 1 through 25. (*Id.* at 2, ¶ 3.) These defendants were unknown to plaintiff and plaintiff sued them by fictitious names. (*Id.*) Within the complaint, plaintiff also sought leave of court to show their true identities once ascertained. (*Id.*) Plaintiff alleges that the designated Doe defendants "negligently, intentionally, recklessly, or in some other manner" proximately caused plaintiff's injuries through defendant Cottrell's conduct or "due to said defendant's importation, design, ownership, possession, supervision, maintenance, inspection, repair, control, entrustment, use, furnishing, manufacturing or sale of the product or instrumentalities which caused the injuries or damages herein alleged." (*Id.* at ¶ 4.) The pertinent facts as alleged by plaintiff in his complaint are described below.

On June 18, 2014, while using a ladder supplied by defendant Cottrell to load vehicles on his trailer, plaintiff attempted to descend from the upper deck. (*Id.* at 3–4, ¶ 11.) However, the ladder failed and slipped out from underneath him. (*Id.* at 4, ¶ 11.) Plaintiff claims that the ladder was inappropriate for use because its hooks could not be used without damaging the vehicles stored onto his auto carrier trailer. (*Id.* at ¶ 12.) Plaintiff also alleges that while defendant represented that the ladder was new, it did not appear to be new at the time of delivery and the rubber non-slip portion of the ladder was worn through and unreliable. (*Id.*) According to plaintiff, the ladder was defective when it left the control of defendant Cottrell, had not been substantially changed at the time of his injury, and was being used in a manner that was both intended and reasonably foreseeable by defendants. (*Id.* at ¶ 14.) Plaintiff believed the defendants listed in the complaint either "designed, manufactured, assembled, marketed, distributed, wholesaled, and retailed the double-decker auto carrier trailers equipped with the ladder involved in this injury . . . ." (*Id.* at ¶ 13.) As such, plaintiff brought claims for negligence, strict liability, and breach of an implied and express warranty. (*Id.* at ¶ 13.) With respect to the original complaint, the court has subject matter jurisdiction under 28 U.S.C. § 1332 on the basis of diversity in that plaintiff is a citizen of California and defendant Cottrell is a citizen of Georgia. Plaintiff seeks general damages in the amount of $100,000. (*Id.* at 3, ¶ 8–9; 5, ¶ 15(c).)

Now before the court is plaintiff's motion to amend his complaint filed on August 31, 2017. (Doc. No. 40.) Therein, the only change to the original complaint which plaintiff seeks to make is to add West Coast Enterprises Truck & Trailer Sales, Inc. ("West Coast") as a defendant in this action. (*Id.*) Defendant filed its response to the motion to amend, which the court construes as an opposition to the motion, on September 1, 2017. (Doc. No. 41.) Plaintiff filed his reply on September 8, 2017. (Doc. No. 45.) Defendant subsequently filed a request for the court to consider a surreply on September 12, 2017 and filed a surreply that same day. (Doc. Nos. 46, 47.) On September 18, 2017, in addition to a response to defendant's surreply, plaintiff also filed a motion to strike Cottrell's request for the court to consider surreply. (Doc. No. 51.) The court will grant plaintiff's motion to strike Cottrell's request for the court to consider its unauthorized surreply. Moreover, the undersigned does not find that consideration of the surreply would be useful to resolution of the pending motions since it merely repeats arguments made in the moving papers. Accordingly, the court also need not consider plaintiff's response to defendant's surreply.

Below the court will address the parties' arguments with respect to plaintiff's motion to amend the complaint.

## LEGAL STANDARD

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it or (B) if the pleading is one to which a responsive pleading is required, 21 days after service if a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a). Otherwise, a party must seek leave of court to amend a pleading or receive the opposing party's written consent. *Id.*

The Federal Rules of Civil Procedure provide that leave to amend pleadings "shall be freely given when justice so requires." *Id.* Nevertheless, leave to amend need not be granted when the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile. *See Amerisource Bergen Corp. v. Dialysist West Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citing *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)). "Prejudice to the opposing party is the most important factor." *Jackson v. Bank of Haw.*, 902 F.3d 1385, 1397 (9th Cir. 1990) (citing *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S.

321, 330–31 (1971)).  "The party opposing leave to amend bears the burden of showing prejudice." *Serpa v. SBC Telecommunications*, 318 F. Supp. 2d 865, 870 (N.D. Cal. 2004) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)); *see Clarke v. Upton*, 703 F. Supp. 2d 1037, 1041 (E.D. Cal. 2010); *see also Alzheimer's Inst. of Am. v. Elan Corp. PLC*, 274 F.R.D. 272, 276 (N.D. Cal. 2011).

Further, in determining futility, "[t]he proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6) or (f): if there is no set of facts which could be proved under the amendment to the pleadings which would constitute a valid and sufficient claim or defense, leave should be denied." *Baker v. Pac. Far. E. Lines, Inc.*, 451 F. Supp. 84, 89 (N.D. Cal. 1978) (citing 3 Moore's Federal Practice P. 15.08(4) (2d ed. 1974)). Amendment is therefore proper "if the deficiencies can be cured with additional allegations that are 'consistent with the challenged pleading' and that do not contradict the allegations in the original complaint.'" *United States v. Corinthian Colleges*, 655 F.3d 984, 955 (9th Cir. 2011) (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296–97 (9th Cir. 1990).

**DISCUSSION**

Plaintiff seeks leave to file an amended complaint pursuant to Rule 15(a) on the grounds that West Coast should be added as a necessary and indispensable party to this action. (Doc. No. 40 at 2.) Plaintiff's position is that granting him leave to amend will not result in prejudice, the motion is not brought with undue delay or in bad faith, and granting leave to amend would not prove futile. (*Id.*) Defendant Cottrell argues that granting leave to amend would prove futile since the statute of limitations has run, plaintiff's motion to amend is brought in bad faith because adding West Coast as a defendant would destroy diversity, and that prejudice would result because the motion to amend is untimely. (*See generally* Doc. No. 41.) Defendant further requests that the court impose sanctions on plaintiff's counsel (*id.* at 2) pursuant to the August 14, 2017 order in which the parties were advised that they "shall be on notice that should the court find that a party to this action has filed a non-meritorious or files a motion for an improper purpose, the court will issue sanctions of attorneys' fees to the party opposing such a motion."

(Doc. No. 39 at 11.) Defendant argues the pending motion to amend is without merit and has been filed for an improper purpose, namely to effectively extend the expert discovery deadlines previously set by the court in this action. (Doc. No. 41 at 2.) Below, the court will address each of these contentions in turn.

**A. Futility**

The statute of limitations for bringing a products liability action is two years in both California and Oregon. *See* Cal. Civ. Proc. Code § 335.1; *see also* Or. Rev. Stat. Ann. § 30.905. Defendant argues that plaintiff's claims against West Coast in connection with his June 18, 2014 accident are now time barred under the applicable statute of limitations. (Doc. No. 41 at 3.) However, California Civil Procedure Code § 474 provides,

> [w]hen the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint, or the affidavit if the action is commenced by affidavit, and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly . . .

A plaintiff has three years from filing suit to discover the identity of the Doe defendant, amend the complaint, and effectuate service. *Lindley v. General Elec. Co.*, 780 F.2d 797, 799 (9th Cir. 1986); *Akhtar v. Mesa*, No. 2:09-CV-2733 MCE AC, 2014 WL 1922576, at *4 (E.D. Cal. May 14, 2014), *report and recommendation adopted*, No. 2:09-CV-2733 MCE AC, 2014 WL 2895236 (E.D. Cal. June 25, 2014); *see also* Cal. Civ. Proc. Code § 583.210(a). The Ninth Circuit has recognized that "'[f]or such limitations period to apply two conditions must be met: (1) The plaintiff must file suit within one year of the accrual of the cause of action, and (2) the plaintiff must be unaware of the identity of certain defendants when the complaint is filed.'" *Lindley*, 780 F.2d at 799 (quoting *Rumberg v. Weber Aircraft Corp.*, 424 F. Supp. 294, 297 (C.D. Cal. 1976). Strict adherence to the requirements of § 474 is not required. *Id.* at 801 ("California's policy in favor of litigating cases on their merits requires that the fictitious name statute be liberally construed.") (citing *Barnes v. Wilson*, 40 Cal. App. 3d 199, 203 (1974)); *Estate of Ronnie Paul Sandoval v. Cty. of San Diego*, No. 16CV1004-BEN(RBB), 2016 WL 4491598, at *4 (S.D. Cal. Aug. 5, 2016); *Reynolds v. Verbeck*, No. C 05-05201 CRB, 2006 WL

3716589, at *3 (N.D. Cal. Dec. 15, 2006); *San Jose Charter of The Hell's Angels Motorcycle Club v. City of San Jose*, No. CIV. 99-20022 SW, 1999 WL 1211672, at *8 (N.D. Cal. Dec. 6, 1999), *aff'd sub nom. San Jose Charter of Hells Angels Motorcycle Club v. City of San Jose*, 402 F.3d 962 (9th Cir. 2005).

Here plaintiff is seeking to identify a defendant previously named as a Doe defendant and not add a new defendant; therefore, § 474 applies. In the original complaint, plaintiff named Doe defendants 1 through 25 inclusive as fictitious names for unnamed defendants, such as West Coast. (Doc. No. 1 at 2, ¶ 3.) Therein, plaintiff also alleged that the true names and capacities of these defendants were unknown at the time. (*Id.*) Plaintiff filed suit on June 6, 2016 and affirmed West Coast as one of the named Doe defendants after plaintiff's deposition on July 7, 2017. (Doc. No. 45 at 10.) Because West Coast was arguably discovered as a defendant within a little over a year, plaintiff's amendment falls within the three year extension of the statute of limitations allowed under California law. Accordingly the court finds that plaintiff's amendment to name West Coast as a defendant in this action would not be futile as time barred.

**B. Bad Faith: Destroying Diversity**

Plaintiff seeks to add West Coast as a defendant purportedly based on new information obtained during discovery in this action. West Coast is a California corporation with its principal place of business in Fresno, California. (Doc. No. 40-1 at 3, ¶ 8.) Adding West Coast as a defendant would, therefore, destroy diversity and the court would be deprived of subject matter jurisdiction over this action because the sole basis for jurisdiction arises under 28 U.S.C. § 1332. In light of this fact, defendant Cottrell contends that plaintiff's motion to amend is brought in bad faith for purposes of destroying diversity.

Defendant suggests that moving to amend to add a diversity-destroying defendant is itself evidence of bad faith. (Doc. No. 41 at 2–3.) The undersigned disagrees. Defendant relies upon the decision in *Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987) as support for this contention. However, in that case it was noted that the district court had weighed plaintiff's motive for adding the non-diverse defendant so late in the proceedings in making a specific finding of bad faith. *Id.*; *See, e.g.*, *DCD Programs Ltd v. Leighton*, 833 F.2d 183, 187 ("In

6

contrast to *Sorosky*, the district court in the case at bar did not make a specific finding of bad faith on the part of the appellants. Moreover, the record similarly offers no evidence of bad faith."). Nonetheless, the district court has discretion in determining whether to allow an attempt to join a diversity-destroying defendant. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).

The court agrees with defendant Cottrell that West Coast's involvement could have been revealed here through minimal pre-filing investigation by plaintiff. Nonetheless, the court does not find that plaintiff now seeks to add West Coast as a defendant in bad faith for the purpose of destroying diversity. Although it is somewhat difficult to fathom, plaintiff's counsel asserts that it wasn't until plaintiff's deposition that West Coast's involvement as the seller, promoter, and supplier of the ladder that injured plaintiff first became known to his counsel.[1]

Most importantly for purposes of resolving the issue now before the court, plaintiff argued that his motion to add West Coast as a defendant was made in good faith because it was aimed solely to respond to defendant Cottrell's plan to raise an "empty chair" defense as indicated in its answer to the original complaint. (*See generally* Doc. No. 45-3.) At oral argument on the pending motion counsel for defendant Cottrell specifically disclaimed any defense based on a contention that West Coast was the responsible party liable to plaintiff. Based upon this exchange at the hearing, the parties agreed to the court's denial of plaintiff's motion to amend conditioned on defendant's waiver of the "empty chair" defense with respect to West Coast. Accordingly, the court need not consider whether West Coast is a necessary and indispensable party to this action.

**C. Timeliness and Prejudice**

Courts have found prejudice to the opposing party where the motion to amend is filed near the close of discovery or when there is a pending motion for summary judgment, and when adding new claims or parties would require additional discovery. *See, e.g.*, *Zivkovic v. S.*

---

[1] At his deposition, plaintiff testified that West Coast persuaded him to purchase the Highside trailer, the allegedly defective ladder at issue here, instead of the Quickloader he had originally planned to purchase. (Doc. Nos. 45 at 9; 45-2 at 3–7, Ex. B.)

*California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (noting that the district court did not abuse its discretion in denying leave to amend because the motion was filed several days before the discovery cut off, defendant would have had a limited time to respond, and granting leave to amend would have required additional discovery prejudicing the defendant); *Sclacter-Jones v. Gen. Tel. of California*, 936 F.2d 435, 443 (9th Cir. 1991), *abrogated by Cramer v. Consol Freightways, Inc.*, 255 F.3d 683 (9th Cir. 2001) ("The timing of the motion, after the parties had conducted discovery and a pending summary judgment motion had been fully briefed, weighs heavily against allowing leave."); *see, e.g.*, *Lockheed Martin Corp. v. Network Sols. Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (finding that seeking leave to amend in light of a pending summary judgment motion not only indicated bad faith on the party of the moving party, but would also prejudice the opposing party); *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) ("Allowing the motion would have required re-opening discovery, thus delaying the proceedings."); *see e.g.*, *Muench Photography, Inc. v. Pearson Educ., Inc.*, No. 12-CV-01927-WHO, 2013 WL 4426493, at *3 (N.D. Cal. Aug. 15, 2013) (noting that seeking leave to amend two weeks before the close of discovery where amendment would require additional discovery would cause prejudice and undue delay); *see, e.g.*, *Bookhamer v. Submeam Prod. Inc.*, No. C-09-6027 EMC DMR, 2012 WL 6652414, at *5–6 (N.D. Cal. Dec. 20, 2012) (noting that adding an additional defendant who would need to conduct discovery and file its own dispositive motions was not a brief postponement).

Here, plaintiff's motion to amend was filed on August 31, 2017, two weeks before the close of discovery on September 11, 2017.[2] Discovery is now closed. Defendant avers that adding West Coast as a party to this action would require plaintiff to be deposed once more and would also require the experts to re-submit their reports so that they can consider new facts and information gathered from West Coast. Since a hearing on defendant Cottrell's motion for summary judgment motion is currently scheduled for October 17, 2017, discovery is now closed,

---

[2] The June 23, 2017 amended scheduling order issued in this case modified only the dates with respect to plaintiff's deposition, expert disclosure, and supplemental expert disclosure. (Doc. No. 24 at 1–2.) All other dates established by the October 24, 2016 scheduling order remained in effect. (*Id.*)

and adding West Coast as a defendant would require re-opening discovery, the court finds that consideration of these factors, weighed together, establishes that defendant Cottrell would be prejudiced if plaintiff were granted leave to amend his complaint at this late stage of the litigation. Accordingly, and in light of defendant Cottrell's disclaiming any "empty chair" defense which precipitated the motion, plaintiff's motion to amend will be denied.

**D. Sanctions**

Defendant requests that the court impose sanctions on the grounds that plaintiff's motion to amend is non-meritorious and has been filed for an improper purpose. (Doc. No. 41 at 6.)

Federal Rule of Civil Procedure 11 sanctions are justified if a party or their attorney submits a pleading to the court which is submitted for an improper purpose, is frivolous, has no evidentiary support or is not warranted by the evidence. A party moving for Rule 11 sanctions bears the burden to show why sanctions are justified. *See Tom Growney Equip. v. Shelley Irr. Dev., Inc.*, 834 F.2d 833, 837 (9th Cir. 1987). The Ninth Circuit has stated that Rule 11 sanctions are "an extraordinary remedy, one to be exercised with extreme caution." *Conn v. Borjorquez*, 967 F.2d 1418, 1421 (9th Cir. 1992) (quoting *Operating Eng'rs Pension Trust v. A–C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988)).

Before filing a motion for sanctions with the court, however, a party must first serve it on the opposing party and allow the opposing party a "safe" harbor of 21 days in which to withdraw or correct the challenged filing. Fed. R. Civ. P. 11(c)(2); *see also Retail Flooring Dealers of Am., Inc. v. Beaulieu of Am. LLC*, 339 F.3d 1146, 1152 (9th Cir. 2002). A party that fails to comply with the safe harbor provision, e.g., by filing a motion for sanctions fewer than 21 days after serving it on the opposing party, is not entitled to sanctions. *Holgate v. Baldwin*, 425 F.3d 671, 678–79 (9th Cir. 2005). In addition, a Rule 11 motion for sanctions must be filed separately from any other motion. *Id.*; Fed. R. Civ. P. 11(c)(2).

Here, defendant maintains that plaintiff brought his motion to amend in order to extend the previously established deadlines in this case. (Doc. No. 41 at 5.) Defendant notes that plaintiff did not submit an expert report by the August 4, 2017 deadline imposed by the court's scheduling order. (*Id.* at 4.) Rather, plaintiff submitted a "rebuttal expert report" on August 12,

9

2017, only after receiving defendant's expert report, and as such, this report is untimely. (*Id.*) Plaintiff, on the other hand, asserts that he need not call an expert witness in his case in chief in this products liability action. (*Id.* at 16.)

In any event, the court is unwilling to find that plaintiff's motion to amend was filed for an improper purpose based on the record before it. Moreover, it appears defendant did not comply with the procedural requirements of Rule 11 in that its motion for sanctions was not separately made and the 21-day safe-harbor provision was not followed.[3] Accordingly defendant's request for imposition of sanctions will be denied.

## CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion to amend the complaint (Doc. No. 40) is denied, conditioned on defendant Cottrell's waiver of any "empty chair" defense implicating West Coast's responsibility for any injury allegedly suffered by plaintiff;
2. Plaintiff's motion to strike Cottrell's request for the court to consider surreply (Doc. No. 51) is granted: and
3. Defendant Cottrell's request for imposition of Rule 11 sanctions (Doc. No. 41) is denied.

IT IS SO ORDERED.

Dated: **October 13, 2017**

_____
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff's motion to amend was filed on August 31, 2017 and defendant's response, which included its request for sanctions, was filed a day later on September 1, 2017.