UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BAKER,<br><br>                Plaintiff,<br><br>       v.<br><br>COTTRELL, INC.,<br><br>                Defendant. | No. 1:16-cv-00840-DAD-SAB<br><br>ORDER DENYING DEFENDANT'S APPLICATION FOR RECONSIDERATION<br><br>(Doc. No. 71) |

This matter is before the court on defendant's motion for reconsideration. (Doc. No. 71.) For the reasons that follow, defendant's motion will be denied.

The factual background of this case has been addressed in prior orders of this court and need not be repeated here. On December 29, 2017, the court issued an order granting in part and denying in part defendant's motion for summary judgment. (Doc. No. 69.) On January 19, 2018, defendant filed the instant motion, seeking reconsideration of the December 29, 2017 order under Rule 60(b) of the Federal Rules of Civil Procedure. (Doc. No. 71.) In the alternative, defendant requests leave of court to file a second motion for summary judgment. (*Id.*).

Federal Civil Procedure Rule 60(b)(1) provides that "[o]n motion and upon such terms as are just, the court may relieve a party. . . from a final judgment, order, or proceeding" for "mistake, inadvertence, surprise, or excusable neglect." "The law in this circuit is that errors of

/////

1

law are cognizable under Rule 60(b)." *Liberty Mut. Ins. Co. v. EEOC*, 691 F.2d 438, 441 (9th Cir. 1982).

Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rule 60(b)(1)–(5)). The moving party "must demonstrate both injury and circumstances beyond his control." *Id.* (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that in moving for reconsideration of an order denying or granting a prior motion, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

In the instant motion, defendant moves for reconsideration on the ground of "mistake" and raises a new argument why the granting of summary judgment in its favor is appropriate. Defendant now asserts that there is no genuine dispute of material fact regarding whether the ladder was new when plaintiff purchased it because plaintiff alleged as much in his complaint. (*See* Doc. No. 1 ("Compl.") at ¶ 12 ("Plaintiff is informed and believes and thereon alleges that . . . the ladder was not new as had been represented to Plaintiff by Defendants at the time of delivery"); Doc. No. 71 at 3.) The court construes this as an argument that the allegations of plaintiff's complaint constitutes a binding judicial admission that the ladder in question was not new.

"A district court has discretion to decline to consider an issue raised for the first time in a motion for reconsideration." *Novato Fire Prot. Dist. v. United States*, 181 F.3d 1135, 1142 n.6 (9th Cir. 1999); *see also Reliance Ins. Co. v. Doctors Co.*, 299 F. Supp. 2d 1131, 1154 (D. Haw. 2003) ("In failing to raise this argument at summary judgment, [defendant] waived its right to assert the argument following the Court's ruling on the summary judgment motions, in the instant motion for reconsideration"), *aff'd*, 132 Fed. App'x 730 (9th Cir. 2005). The court has reviewed defendant's Memorandum in Support of its Motion for Summary Judgment and finds that

2

nowhere did defendant raise the argument that the allegation in plaintiff's complaint constituted a judicial admission of any sort. (*See* Doc. No. 48.) Moreover, defendant has offered no explanation as to why this argument was not raised in the first instance. *See* L.R. 230(j). The court declines to exercise its discretion to consider this new argument. Therefore, defendant's application for reconsideration will be denied.

In the alternative, defendant requests leave of court to file a second motion for summary judgment. "[D]istrict courts have discretion to entertain successive motions for summary judgment." *Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010); *Culley v. Lincare Inc.*, No. 2:15-cv-00081-MCE-CMK, 2017 WL 1477045, at *1 (E.D. Cal. Apr. 25, 2017). In moving for summary judgment, defendant intentionally opted not to rely on the testimony of its expert. However, defendant now concedes in the instant motion that "[i]n retrospect, Cottrell should have included such evidence from its expert." (Doc. No. 71 at 7.) This case has been pending before the court since June of 2016. Pursuant to the scheduling order, the last day for filing dispositive law and motion was September 25, 2017. (Doc. Nos. 15 & 24.) Law and motion has now closed in this action. The court is not persuaded that defendant's change of heart regarding its litigation strategy constitutes good cause to re-open law and motion for purposes of allowing defendant to file a second motion for summary judgment. Accordingly, the court declines defendant's alternative request.

For these reasons,

1. Defendant's motion for reconsideration (Doc. No. 71) is denied; and
2. Within twenty-one days of service of this order, the parties are directed to email Renee Gaumnitz at rgaumnitz@caed.uscourts.gov to schedule pre-trial conference and trial dates.

IT IS SO ORDERED.

Dated: **February 12, 2018**

UNITED STATES DISTRICT JUDGE