# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BAKER, | Case No. 1:16-cv-00840-DAD-SAB |
| Plaintiff, | ORDER DENYING PLAINTIFF'S APPLICATION TO REOPEN DISCOVERY |
| v. | (ECF Nos. 73, 76) |
| COTTRELL, INC., | |
| Defendant. | |

Plaintiff filed the complaint in this action on June 16, 2016.  (ECF No. 1.)  On October 24, 2016, the scheduling order issued setting the pretrial deadlines.  (ECF No. 15.)  On June 23, 2017, an amended scheduling order was issued and the deadline to conduct Plaintiff's deposition and the supplemental expert disclosure deadlines were extended.  (ECF No. 24.)  Pursuant to the scheduling order all nonexpert discovery in this matter was to be completed by September 11, 2017, and all expert discovery was to be completed by September 1, 2017.

On January 19, 2018, Plaintiff filed an application to reopen discovery.  (ECF No. 73.)  On February 2, 2018, an order issued requiring Defendant to file a responsive pleading on or before February 14, 2018, at which time the matter would be deemed submitted.  (ECF No. 74.)  On February 13, 2018, Defendant filed a response to Plaintiff's request to reopen discovery.  (ECF No. 76.)

Amendments of the scheduling order are governed by Rule 16 of the Federal Rules of

Civil Procedure which provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The district court has broad discretion in supervision of the pretrial phase of litigation. <u>Zivkovic v. Southern California Edison Co.</u>, 302 F.3d 1080, 1087 (9th Cir. 2002). Rule 16's good cause standard considers the diligence of the party seeking amendment and the pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the amendment. <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992). While prejudice to the opposing party could "supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." <u>Johnson</u>, 975 F.2d at 609; <u>see also Coleman v. Quaker Oats Co.</u>, 232 F.3d 1271, 1295 (9th Cir. 2000) (the need to reopen discovery and delay the proceedings supports a finding of prejudice to the opposing party). Therefore, if the party moving for amendment of the scheduling order has not demonstrated diligence, the inquiry should end and the motion should be denied. <u>Johnson</u>, 975 F.2d at 609.

Plaintiff asserts that despite his diligence Defendant has refused to tender any witness for deposition and seeks to reopen discovery to take the deposition of Defendant's witnesses. Plaintiff contends that he requested that Defendant tender its corporate representative for deposition on September 4, 2017.[1] (Pl.'s Appl. to Reopen Discovery 2, ECF No. 73.) Defendant's counsel requested that the parties confer regarding scheduling the depositions. (<u>Id.</u>) On September 5, 2017, Plaintiff's counsel attempted to contact defense counsel by telephone in an attempt to resolve the ongoing dispute but did not receive an answer. (<u>Id.</u>) On September 14, 2017, Defendant agreed to provide witnesses for deposition on September 27, 2017. (<u>Id.</u> at 3.) Neither of Plaintiff's counsel was available on that date and new dates were requested by Plaintiff's counsel. (<u>Id.</u>) Plaintiff contends that Defendant has failed to produce a witness for deposition despite originally agreeing to produce a witness outside the discovery period.

Defendant opposes the request arguing that Plaintiff "botched" his burden to complete discovery and cannot simply request a second chance. Defendant contends that Plaintiff sets

---

[1] Plaintiff's motion references exhibits; however, there were no exhibits attached to the motion. Defendant does not dispute the dates set forth so the Court shall accept that the dates asserted by Plaintiff in support of the motion.

forth the same arguments that Defendant attempted to use to justify a second summary judgment and just as the district judge denied Defendant's request for a second chance at summary judgment, the request to reopen discovery should be denied. Defendant points out that the prior order amending the scheduling order found that the parties had not shown good cause to amend the dates in the scheduling order in light of the fact that little had been done in this case in the eight months since the scheduling order had issued. Defendant argues that Plaintiff is now seeking a second bite of the apple for the discovery that he failed to conduct in compliance with the scheduling order. Finally, Defendant contends that Plaintiff waited five months after the close of discovery to raise the issue with the Court. Defendant requests that the Court deny the request to reopen discovery.

"[T]he advisory comment to the 1983 amendments to Rule 16 and the decisions in Johnson and Coleman suggest that, at the very least, the court should consider pre-deadline diligence or the lack thereof" in considering whether to amend the scheduling order. Aldan v. World Corp., 267 F.R.D. 346, 356 (D. N. Mar. I. 2010). Here, with the discovery deadline of September 11, 2017, Plaintiff did not attempt to arrange the deposition of the corporate representative until September 4, 2017. Plaintiff has set forth no reason for the delay in waiting until the eve of the discovery deadline to set the deposition of the corporate representative.

Further, when it became apparent that the parties were not going to be able to complete the deposition within the deadline set by the scheduling order, Plaintiff did not seek amendment of the scheduling order. Although the parties agreed to depose the corporate representative after the close of discovery on September 27, 2017, Plaintiff waited almost four months until January 19, 2018, to file the current request to reopen discovery. Plaintiff does not demonstrate that any efforts were taken to address the dispute after new dates were requested in September 2017 until the current motion was filed in January 2018. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Johnson, 975 F.2d at 609. The Court finds that Plaintiff has not demonstrated due diligence in either seeking the deposition of the corporate representative within the discovery deadline or in bringing the current discovery dispute before the Court. The Court finds that Plaintiff has not exercised diligence in conducting the requested

discovery or in seeking to amend the scheduling order.

Finally, the deadline to file dispositive motions in this action has passed and decision on Defendant's summary judgment and motion for reconsideration has been entered. The Court notes that Defendant filed the motion for summary judgment on September 18, 2017, and this discovery dispute could have been resolved without delay of the trial had Plaintiff raised it while the motion was pending. However, the matter is now ready to be set for trial and granting Plaintiff's request would further delay the proceedings which would be prejudicial to the defendant.

Accordingly, Plaintiff's request to reopen discovery is HEREBY DENIED.

IT IS SO ORDERED.

Dated: __**February 14, 2018**__

_____
UNITED STATES MAGISTRATE JUDGE