UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| JOHN BAKER, | No. 1:16-cv-00840-DAD-SAB |
|---|---|
| Plaintiff, | |
| v. | ORDER DENYING THE PARTIES' POST-TRIAL MOTIONS |
| COTTRELL, INC, | |
| Defendant. | (Doc. Nos. 146, 148, 150, 152) |

This matter is before the court on multiple post-trial motions filed by plaintiff John Baker and defendant Cottrell, Inc. (Doc. Nos. 146, 148, 150, 152.) On February 5, 2019, those motions came before the court for hearing. Attorneys Brian Wendler and Michael Stone-Molloy appeared on behalf of plaintiff, and attorney Amy Lorenz-Moser appeared on behalf of defendant. Having considered the parties' briefing, the court will deny the motions.

**BACKGROUND**

The facts of this case have been laid out in prior orders of this court and will be repeated here only as relevant. Plaintiff's complaint alleged that he was injured after falling from a ladder on June 18, 2014, which he claimed was defectively designed and had worn feet. (Doc. No. 1 ("Compl.") at ¶¶ 11, 14.) The complaint sought damages on theories of strict liability, negligence, and breach of express and/or implied warranty. (*Id.* at ¶ 14.)

/////

1

The case proceeded to trial on September 25, 2018, and on September 28, 2018, the jury returned its verdict, finding defendant liable on a theory of negligence. (Doc. No. 132.) The jury found that plaintiff and defendant were each 50% at fault for the injuries suffered by plaintiff and that plaintiff sustained $100,000.00 in economic damages, plus an additional $175,000.00 in noneconomic damages. (*Id.*) Judgment was entered that same day. (Doc. No. 133.) On October 26, 2018, the parties cross-moved for judgment as a matter of law, or alternatively for a new trial. (Doc. Nos. 146, 150.) Plaintiff moved for the imposition of sanctions (Doc. No. 152), and defendant moved for relief from judgment under Rule 60. (Doc. Nos. 148.)

## LEGAL STANDARDS

### A. Judgment as a Matter of Law

Rule 50(a)(1) of the Federal Rules of Civil Procedure provides as follows:

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Federal Rule of Civil Procedure 50(b) governs renewed motions for judgment as a matter of law made ("JMOL") under Rule 50(a) and provides that the court may: "(1) allow judgment on the verdict, if the jury returned a verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law." The Ninth Circuit has held:

> A Rule 50(b) motion for judgment as a matter of law is not a freestanding motion. Rather, it is a renewed Rule 50(a) motion. Under Rule 50, a party must make a Rule 50(a) motion for judgment as a matter of law before a case is submitted to the jury. If the judge denies or defers ruling on the motion, and if the jury then returns a verdict against the moving party, the party may renew its motion under Rule 50(b). Because it is a renewed motion, a proper post-verdict Rule 50(b) motion is limited to the grounds asserted in the pre-deliberation Rule 50(a) motion. Thus, a party cannot properly "raise arguments in its post-trial motion for judgment as a matter of law under Rule 50(b) that it did not raise in its preverdict Rule 50(a) motion." *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003) (citing Fed. R. Civ. P. 50 advisory committee's notes to the 1991 amendments ("A post trial motion for judgment can be granted only on grounds advanced in the preverdict motion.")); *Murphy v. City of Long Beach*, 914 F.2d 183, 186 (9th Cir. 1990) ("[Judgment notwithstanding the verdict] is improper if based upon grounds not

>     alleged in a directed verdict [motion]." (brackets in original)); *see also* Fed. R. Civ. P. 50 advisory committee's notes to the 2006 amendments ("Because the Rule 50(b) motion is only a renewal of the preverdict motion, it can be granted only on grounds advanced in the preverdict motion."). However, Rule 50(b) "may be satisfied by an ambiguous or inartfully made motion" under Rule 50(a). *Reeves v. Teuscher*, 881 F.2d 1495, 1498 (9th Cir. 1989). Absent such a liberal interpretation, "the rule is a harsh one." *Nat'l Indus., Inc. v. Sharon Steel Corp.*, 781 F.2d 1545, 1549 (11th Cir. 1986).

*EEOC v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009).

In considering a Rule 50 motion, the court must view the evidence in the light most favorable to the party in whose favor the jury returned a verdict and draw all reasonable inferences in favor of the non-moving party. *First Nat'l Mortg. Co. v. Fed. Realty Inv. Tr.*, 631 F.3d 1058, 1067 (9th Cir. 2011); *Lakeside–Scott v. Multnomah County*, 556 F.3d 797, 802 (9th Cir. 2009); *Josephs v. Pac. Bell*, 443 F.3d 1050, 1062 (9th Cir. 2006); *City Sols., Inc. v. Clear Channel Commc'ns*, 365 F.3d 835, 839 (9th Cir. 2004); *see also A.D. v. Cal. Highway Patrol*, 712 F.3d 446, 453 (9th Cir. 2013) (in evaluating a Rule 50 motion the court should "give significant deference to the jury's verdict and to the nonmoving parties"). "A district court can set aside a jury verdict and grant JMOL only if, under governing law, there can be but one reasonable conclusion as to the verdict and only if there is no legally sufficient basis for a reasonable jury to find for that party on that issue." *Jules Jordan Video, Inc. v. 144942 Can. Inc.*, 617 F.3d 1146, 1155 (9th Cir. 2010) (internal citation and quotation omitted). *See also A.D.*, 712 F.3d at 453 ("Such a judgment is proper if the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict.") (quoting *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002)); *First Nat'l Mortg. Co.*, 631 F.3d at 1067–68 (the court "must disregard evidence favorable to the moving party that the jury is not required to believe, and may not substitute its view of the evidence for that of the jury"); *Lakeside–Scott*, 556 F.3d at 802 ("Judgment as a matter of law is proper when the evidence permits only one reasonable conclusion and the conclusion is contrary to that reached by the jury.") (quoting *Ostad v. Or. Health Scis. Univ.*, 327 F.3d 876, 881 (9th Cir. 2003)).

/////

Rule 50 also provides that if the court does not grant a motion for JMOL, the movant may make an alternative request for a new trial pursuant to Rule 59. Fed. R. Civ. P. 50(b). Rule 59 of the Federal Rules of Civil Procedure provides that "[t]he court may, on motion, grant a new trial . . . for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). Rather than specify the grounds on which a motion for a new trial may be granted, Rule 59 states that courts are bound by historically recognized grounds including, but not limited to, claims "that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving." *Molksi v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007); *see also Shimko v. Guenther*, 505 F.3d 987, 992 (9th Cir. 2007) ("The trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice.") (citations omitted). The district court may correct manifest errors of law or fact, but the burden of showing that harmful error exists falls on the party seeking the new trial. *Malhoit v. S. Cal. Retail Clerks Union*, 735 F.2d 1133 (9th Cir. 1984); *see also* 11 Wright, Miller & Kane, *Federal Practice and Procedure*: Civil 2d § 2803 (1995).

When a party claims that a verdict is against the clear weight of the evidence, the court should give full respect to the jury's findings and only grant a new trial if it "is left with the definite and firm conviction that a mistake has been committed" by the jury. *Landes Constr. Co. v. Royal Bank of Can.*, 833 F.2d 1365, 1371–72 (9th Cir. 1987). "While the trial court may weigh the evidence and credibility of the witnesses, the court is not justified in granting a new trial merely because it might have come to a different result from that reached by the jury." *Roy v. Volkswagen of Am. Inc.*, 896 F.2d 1174, 1176 (9th Cir. 1990), *amended on denial of reh'g*, 920 F.2d 618 (9th Cir. 1990); *see also Silver Sage Partners, Ltd. v. City of Desert Hot Springs*, 251 F.3d 814, 819 (9th Cir. 2001) ("[A] district court may not grant a new trial simply because it would have arrived at a different verdict.").

**B.      Motion for Sanctions**

Courts possess the inherent power "to sanction a litigant for bad-faith conduct." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 35 (1991). But inherent powers must be exercised with

"restraint and discretion" and with the aim of "achiev[ing] the orderly and expeditious disposition of [a] case[ ]." *Id.* at 43–44. Generally, to be deserving of such sanctions, a litigant must have engaged in "willful disobedience of a court order" or "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* at 45–46 (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257–59 (1975)). Mere recklessness is not enough to warrant the imposition of sanctions, and a court must "specifically find bad faith or conduct tantamount to bad faith...[or] improper purpose[.]" *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001).

**C.     Motion for Relief from Judgment**

Rule 60(b) of the Federal Rules of Civil Procedure provides in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

"A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties." *Lemoge v. United States*, 587 F.3d 1188, 1196–97 (9th Cir. 2009) (quoting *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981)). Generally speaking, such motions "should not be granted . . . unless the district court is presented with newly discovered evidence, committed clear error, or if there is

an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citing *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)); *accord Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).

**DISCUSSION**

**A.     Plaintiff's Motion for Judgment as a Matter of Law**

Plaintiff renews his motion for judgment as a matter of law that was asserted during the trial as to his argument that defendant is liable on a theory of implied warranty. (Doc. No. 150.) Plaintiff's motion contends that judgment as a matter of law is warranted because defendant presented no witnesses and offered no evidence with respect to implied warranty. (*Id.* at ¶¶ 2, 3.) Moreover, plaintiff points out that defendant offered no evidence specifically addressing any defense of disclaimer.

Plaintiff's motion appears to fundamentally misunderstand plaintiff's burden at this stage of the proceedings. It is not sufficient on a motion for judgment as a matter of law for plaintiff to simply point out that defendant failed to put forth evidence, or else failed to establish an affirmative defense. Rather, in order to prevail on this motion, plaintiff must demonstrate that the evidence, "construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *A.D.*, 712 F.3d at 453. Here, the jury returned a verdict that defendant was not liable with respect to a theory of implied breach of warranty. However, plaintiff's motion fails to address the elements of implied breach of warranty, nor does it discuss how the evidence plaintiff presented at trial satisfies those elements as a matter of law. Having failed to do so, plaintiff's motion will be denied. For the same reason, the court finds no basis to order a new trial based on plaintiff's argument in this regard.

**B.     Motion for Sanctions**

Next, plaintiff moves for imposition of sanctions, arguing that defendant failed to admit relevant facts during discovery. (Doc. No. 152.)

/////

1 Federal Rule of Civil Procedure 37(c) provides that:

> If a party fails to admit . . . the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves . . . the truth of the matter, the requesting party may apply to the court for an order requiring the other party to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that (1) the request was held objectionable pursuant to Rule 36(a), or (2) the admission sought was of no substantial importance, or (3) the party failing to admit had reasonable ground to believe that the party might prevail on the matter, or (4) there was other good reason for the failure to admit.

Plaintiff's motion argues that several of defendant's discovery responses failed to disclose facts without any reasonable basis. First, one of plaintiff's interrogatories asked defendant in part to "state the name and address of the manufacturer, the distributor(s), the designer(s) of the ladder in issue." (Doc. No. 152-8 at ¶ 8.) Defendant responded that the ladder "was a used, 'home-made' ladder that Cottrell did not design, manufacture or sell." (*Id.*) Second, one of plaintiff's requests for admissions asked defendant to "admit that YOU contributed some percentage share of fault in this accident," which defendant denied. (Doc. No. 152-9 at ¶ 2.) Third, another of plaintiff's requests for admissions asked defendant to "admit that the ladder YOU supplied to Plaintiff was defective," which defendant denied. (*Id.* at ¶ 6.) Finally, another of plaintiff's requests for admissions asked defendant to "admit that the ladder YOU supplied to Plaintiff was used," which defendant also denied. (*Id.* at ¶ 7.)

Defendant's second and third discovery responses relied upon by plaintiff are easily disposed of. Whether defendant was partially at fault for the accident, and whether the ladder in question was defective, were two of the central questions presented to the jury for resolution at trial. Although the jury ultimately found defendant partially liable for plaintiff's injuries, it does not follow that defendant had no "reasonable ground" to believe that it might prevail. *See* Fed. R. Civ. P. 37(c) Advisory Committee's Notes on 1970 Amendment ("[T]he true test under Rule 37(c) is not whether a party prevailed at trial but whether he acted reasonably in believing that he might prevail."). Similarly, having now observed the trial, the court concludes that the evidence as to whether the ladder in question was defective was not overwhelming. The court therefore declines to award sanctions based on defendant's responses to these two requests for admissions.

7

The court also declines to award sanctions based upon defendant's response to the request for admission that the ladder it supplied to plaintiff was used. Both in pre-trial motions and during the trial itself, the condition of the ladder in question was subject to much dispute. Indeed, although the ladder itself was displayed to the jury, both parties eventually stipulated that the condition of the ladder at the time of trial was different than its condition at the time of the accident. The evidence presented at trial did not establish beyond doubt that the ladder defendant sold to plaintiff was used, and the court declines to impose sanctions for this discovery response by defendant.

The remaining question is whether sanctions are appropriately imposed due to defendant's response to the interrogatory asking it to provide the name and address of the manufacturer, distributor, and designer. In that response, defendant denied that it designed, manufactured, or sold the ladder and stated that the ladder was a used and "home-made." It appears that this discovery response was never amended. Defendant appears to have adhered to this position from the very outset of this case. For instance, roughly eighteen months prior to the commencement of this litigation, defendant's general counsel stated to plaintiff's counsel by email that the ladder "was some sort of used, 'home-made' ladder that Cottrell did not design, manufacture, or sell." (Doc. No. 152-2 at 1.) This language is effectively identical to the language used by defendant in the response to plaintiff's interrogatory. However, by the time of trial, it was essentially uncontested that the ladder was in fact sold to plaintiff by defendant. During opening statement, defendant's counsel explained to the jury that while ladders such as the one at issue in this case are designed and manufactured by a different company, defendant has been purchasing those ladders since 2007, and places them on the head ramps of each rig it sells. (Doc. No. 136 at 178:4–9.)

It is difficult to square these two positions. On the one hand, defendant repeatedly denied prior to trial that it sold the ladder to plaintiff. If true, this might have provided a defense to liability, because defendant would no longer be in the "chain of distribution" of the product. *See O'Neil v. Crane Co.*, 53 Cal. 4th 335, 348 (2012) ("A manufacturer is strictly liable in tort when an article he places on the market, knowing that it is to be used without inspection for defects,

8

proves to have a defect that causes injury to a human being.") (citing *Greenman v. Yuba Power Prod., Inc.*, 59 Cal. 2d 57, 62 (1963)); *Bostick v. Flex Equip. Co.*, 147 Cal. App. 4th 80, 88 (2007) ("The doctrine of strict products liability imposes strict liability in tort on all of the participants in the chain of distribution of a defective product."). On the other hand, defendant's counsel affirmatively represented to the jury at trial that ladders such as the one at issue in this case are purchased by defendant from a separate company, Green Bull, and placed "on each head ramp" sold by defendant—including, presumably, the head ramp sold to plaintiff. (Doc. No. 136 at 178:9.) Moreover, defendant's opposition to plaintiff's motion for sanctions offers no explanation as to how these seemingly contradictory statements can be reconciled.

While the court finds that the conduct of defense counsel in this regard was at least negligent and perhaps even reckless, the court does not conclude that it amounted to bad faith so as to warrant the imposition of sanctions. *See Fink*, 239 F.3d at 994. At the hearing on the pending motions, attorney Lorenz-Moser explained that defendant's original position—that it did not design, manufacture, or sell the ladder—was based on an initial investigation undertaken at the outset of the case. It now appears clear, based on the evidence adduced and arguments advanced at trial, that defendant's original position based on an initial investigation was mistaken. Nonetheless, the court is not persuaded that defendant affirmatively sought to mislead plaintiff. Indeed, when the trial commenced it was apparent to all that defendant was no longer contesting that it had sold the ladder to plaintiff nor asserting that it was "home made." Rather, it appears that by failing to amend its original answer to the interrogatory as the defense position changed over the course of the litigation, defense counsel simply failed to act with reasonable diligence—a criticism which, as will be made clearer below, could be leveled against all of the attorneys appearing in this action. Plaintiff's motion for sanctions will therefore be denied.

**C.     Defendant's Motion for Judgment as a Matter of Law**

The court next addresses defendant's motion for judgment as a matter of law, or alternatively for a new trial. (Doc. No. 146.)

"[I]n a products liability case the plaintiff in order to recover in strict liability in tort must prove that he was injured by a defect in the product and that the product was defective when it left

9

the hands of the retailer or manufacturer; whereas to recover in negligence the plaintiff must prove the same two elements plus an additional element, namely, that the defect in the product was due to negligence of the defendant." *Jiminez v. Sears, Roebuck & Co.*, 4 Cal. 3d 379, 383, 482 P.2d 681 (1971). In other words, a finding of negligent design necessarily means that the product was defective for purposes of strict liability. Despite this, California courts have confronted circumstances where, as here, the jury has found a defendant liable on a theory of negligent product design, but not liable on a theory of strict liability. *See Lambert v. Gen. Motors*, 67 Cal. App. 4th 1179, 1185 (1998) (holding that the jury's special verdicts that the automobile was negligently designed, but not defectively designed, were inconsistent); *Hernandez v. Badger Constr. Equip. Co.*, 28 Cal. App. 4th 1791, 1828 (1994). Under these circumstances, defendant contends that the jury's special verdict rendered in this case is fatally inconsistent.

In opposition, plaintiff posits that the jury may have arrived at its conclusions because it found that defendant was negligent for a different reason apart from carrying out a design defect. *See Hernandez*, 28 Cal. App. 4th at 1829–30 (upholding the jury's verdict in favor of plaintiff on the negligence claim, despite its defense verdict on the design defect claim, "based on [defendant's] failure to conduct an adequate retrofit campaign"). For instance, plaintiff suggests that "the jury found Cottrell to be negligent in its conduct of failing to sell Plaintiff a new ladder as Cottrell had represented it to be at the time of sale." (Doc. No. 156 at 8.) Alternatively, plaintiff states that the jury may have "concluded the ladder that Cottrell selected and supplied was improper for use on the number 3 deck to compensate for the lack of sufficient hydraulic power to lift a heavy vehicle like the van Plaintiff was loading on that deck." (*Id.*)

To resolve this issue, it is necessary to discuss the various theories of liability put forward by plaintiff at trial. Plaintiff made two primary arguments in this respect. First, plaintiff alleged that the ladder was inappropriately designed, "in that its hooks could not be used without damaging the vehicles stored on Plaintiff's auto trailer." (Compl. at ¶ 12.) Plaintiff testified to this alleged deficiency during trial. (Doc. No. 137 at 32:22–25, 33:1–4.) Second, the complaint alleged that "the ladder was not new as had been represented to Plaintiff by Defendants at the

time of delivery and as such its rubber non-slip shoes were worn through and unreliable." (Compl. at ¶ 12.) This theory was supported by the interview of Dennis "Jake" Jacobson, who witnessed the accident and whose interview was read to the jury by stipulation of the parties. In that interview, Jacobson stated that immediately following the accident he looked at the ladder and noticed that the rubber feet on the bottom of the ladder were worn, a condition he described as "metal to asphalt." (Doc. No. 137 at 165:24–25, 166:1–2.)

"[A] trial court has a duty to attempt to harmonize seemingly inconsistent answers to special verdict interrogatories, 'if it is possible under a fair reading of them.'" *Duk v. MGM Grand Hotel, Inc.*, 320 F.3d 1052, 1058 (9th Cir. 2003) (quoting *Gallick v. Baltimore & Ohio R.R. Co.*, 372 U.S. 108, 119 (1963)), *as amended on denial of reh'g* (Apr. 17, 2003). Here, the court has little difficulty in doing so. The jury was instructed on the elements of a strict liability defective design claim (*see* Doc. No. 130 at 33), which it rejected. The jury was separately instructed on the elements of negligence. Crucially, however, the instructions for negligence were not related to negligent *design*, but instead turned on whether defendant was negligent in *supplying* the ladder. (*Id.* at 34.) As stated, testimony was presented to the jury at trial that at the time of the accident, the rubber feet of the ladder were worn through. When combined with the fact that plaintiff had only recently purchased the rig and accompanying ladder from defendant, the reasonable inference was that the feet were worn through when defendant originally sold the ladder—or, at least, the jury could have so found. The jury may well have concluded that the sale of a ladder without proper rubber feet was negligent because it increased the possibility of the ladder slipping. Rather than being defectively designed, the ladder was simply old or used, and defendant was negligent for failing to take appropriate steps to inspect it for defects before selling it.

The California Court of Appeal confronted a similar situation in *Arriaga v. CitiCapital Commercial Corp.*, 167 Cal. App. 4th 1527 (2008). In that case, plaintiff was injured when his finger became entangled in a glue spreading machine. *Arriaga*, 167 Cal. App. 4th at 1531. The machine was purchased by plaintiff's employer but was in a used condition at the time it was purchased. *Id.* Plaintiff brought a tort action against CitiCapital, which was the successor in

11

interest to the company which had financed the purchase of the glue spreader. *Id.* Among other claims, plaintiff asserted that CitiCapital was negligent in failing to exercise reasonable care in inspecting the machine for defects. *Id.* at 1541. The Court of Appeal found that CitiCapital could not be held liable on that basis because "CitiCapital never had possession of the machine." *Id.* Absent such control, CitiCapital was under no duty to inspect it.

The facts in this case are to the contrary. As already discussed, it was undisputed at the trial of this case that defendant possessed the ladder and sold it to plaintiff. Under these circumstances, the logic of *Arriaga* suggests that suppliers such as defendant are under a duty to use reasonable care where the supply of used goods is at issue.[1] The court is therefore unpersuaded that the verdict returned by the verdict is logically inconsistent. Accordingly, defendant's motion for judgment as a matter of law, or alternatively for a new trial will be denied.

**D.     Motion for Relief from Judgment**

Finally, the court addresses defendant's motion for relief from judgment pursuant to Rule 60. (Doc. No. 148.) Therein, defendant contends that plaintiff and plaintiff's counsel wrongfully withheld information from the defense about Jacobsen, a key witness, which amounted to fraud.

Defendant's theory of fraud stems from the language of Federal Rule of Civil Procedure 26, which in relevant part requires one party to provide the other with "the name and, if known, the address and telephone number of each individual likely to have discoverable information." Fed. R. Civ. P. 26(a)(1)(A). Defendant's motion alleges, and plaintiff's opposition does not seriously dispute, that during discovery plaintiff provided defendant with an incorrect phone number for Jacobsen. Subsequently, plaintiff obtained an accurate phone number for Jacobson and conducted an interview with him but made no effort to inform defendant of this development. *See* Fed. R. Civ. P. 26(e) (requiring a party who has made a disclosure under Rule 26(a) to

---

[1] Defendant's memorandum in support of its motion states that "[a]s a matter of law, a supplier who did not design the product cannot be held liable under a negligence theory in products liability," but failed to cite any supporting authority. (Doc. No. 147 at 4.) At the hearing on the pending motions, defense counsel for the first time cited to a bevy of cases in support of this assertion. *See, e.g.*, *Merrill v. Navegar, Inc.*, 26 Cal. 4th 465, 473 (2001); *Finn v. G. D. Searle & Co.*, 35 Cal. 3d 691, 698 (1984). The court has reviewed these cases cited by counsel but finds that they have little relevance to the question now before the court.

supplement or correct its disclosure "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect"). This failure to disclose the accurate phone number allegedly resulted in defendant being unable to interview or depose Jacobsen prior to trial, while plaintiff was able to do so. Defendant asserts that it was only during trial that the defense became aware of this arrangement, forcing them to hurriedly interview Jacobsen during trial over an evening recess.

The rules of discovery exist to avoid precisely this sort of litigation by ambush. Plaintiff's opposition suggests that Jacobson's phone number could have been obtained by a "simple public records search," but Rule 26 requires initial disclosures to relieve parties of the burden and expense of conducting independent investigation when the same information is already in the possession of the opposing party. *See* Fed. R. Civ. P. 26 advisory committee's notes to the 1993 Amendments (noting that subsection (a) was revised "to accelerate the exchange of basic information"). As with much of the conduct in this case, the court finds this behavior to be yet another instance of underhanded lawyering.

"Rule 60(b)(3) permits a losing party to move for relief from judgment on the basis of fraud, . . . misrepresentation, or other misconduct of an adverse party." *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (internal quotation marks omitted). "To prevail, the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." (*Id.* (citing *Lafarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1338 (9th Cir. 1986) and *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878–79 (9th Cir. 1990)). In addition to showing fraud by clear and convincing evidence, the movant must show that the fraud was not "discoverable by due diligence before or during the proceeding, and was materially related to the

/////

/////

/////

/////

(submitted issue." Pac. & Arctic Ry. & Nav. Co. v. United Transp. Union, 952 F.2d 1144, 1148 9th Cir. 1991).[2]

Even if the court were to find that fraud or misconduct on the part of plaintiff's counsel occurred here, it would also conclude that any such misconduct was plainly discoverable prior to trial. If defendant tried and failed to contact Jacobson at the phone number provided by plaintiff, the proper remedy was for defendant to file a motion to compel to seek the correct information. The docket indicates that no such motion was ever filed. In addition, the court also finds that this conduct did not prevent defendant from fully and fairly presenting its defense. The parties entered into a stipulation, which was read to the jury, stating that defendant did not have the ability to interview Jacobson prior to trial. (Doc. No. 137 at 163:1–4.) The parties also agreed that a recorded interview of Jacobson, conducted by defense counsel, would be played for the jury in lieu of his testimony. Under these circumstances, any prejudice to defendant was negligible, at best. Accordingly, defendant's motion for relief from judgment pursuant to Rule 60 on the basis of fraud will be denied as well.

**CONCLUSION**

For the reasons set forth above, the parties' post-trial motions (Doc. Nos. 146, 148, 150, 152) are denied.

IT IS SO ORDERED.

Dated: **June 20, 2019**

UNITED STATES DISTRICT JUDGE

---

[2] Defendant's motion alleges both fraud under Rule 60(b)(3) and fraud on the court under Rule 60(d)(3). However, fraud on the court under Rule 60(d)(3) requires a higher showing to justify the granting of relief. *United States v. Sierra Pac. Indus., Inc.*, 862 F.3d 1157, 1167 (9th Cir. 2017). Because the court finds that defendant is not entitled to relief under the lower (b)(3) standard, it need not address whether defendant would be entitled to relief under this higher standard.